## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

**JASON CAIRA,**

      Plaintiff,

   v.

**DAVE SCHROEDER (in
his individual capacity),**

**CAMBRIDGE COMMUNITY FIRE /
EMS DISTRICT**,

**and**

**CAMBRIDGE COMMUNITY
FIRE AND EMS COMMISSION,**

      Defendants.

Case No. 3:25-cv-00750

---

## FIRST AMENDED COMPLAINT

---

NOW COMES THE PLAINTIFF, Jason Caira (Caira), by his attorneys, Gingras, Thomsen & Wachs LLP, and hereby states the following as his Amended Complaint in the above- referenced matter.

### NATURE OF PROCEEDINGS

1.     This action is brought to redress Caira's rights as protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Caira had for-cause protection from termination, but Caira's employer, the Cambridge Community Fire / EMS District (the District), the Cambridge Community

1

Fire and EMS Commission (the Commission) and / or Commission President Dave Schroeder (Schroeder) terminated Caira without due process of law. Additionally, the District and/or the Commission breached its contract with Caira. Finally, the District and / or the Commission violated Caira's right to be free from retaliation for opposing conduct made unlawful under the Family and Medical Leave Act (the FMLA).

## PARTIES

2.      Caira (Caira) is an adult resident of the State of Wisconsin who lives in the Western District of Wisconsin.

3.      Schoeder was, at all times relevant hereto, the Acting Commission President. The conduct ascribed to him in this complaint was taken under color of state law, and within the scope of his employment. His conduct was also intentional.

4.      The Commission has, at all times relevant hereto, been an EMS and fire commission operating in the area of Cambridge, Wisconsin. The Commission is organized according to State law.

5.      The District has, at all times relevant hereto, been a fire district operating in the area of Cambridge, Wisconsin. The District is organized pursuant to state law.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 for the due process claim and the Family and Medical Leave Act (FMLA) claim. It has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. sec. 1367.

2

7.  This claim may be venued in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391, insofar as all the parties live and/or conduct business in the Western District of Wisconsin, and the circumstances giving rise to this claim occurred in this district.

**FACTUAL ALLEGATIONS**

8.  On or about July 10, 2023, Caira signed an employment agreement with the District and the Commission. Caira was hired as the Deputy of Chief of the EMS. The contract was to run for three years.

9.  The contract stated that Caira could only be terminated for cause. Accordingly, Caira had a property right in his employment, in both his continued employment and his pay associated with it.

10.  The contract further cited to the "process and standards" of sec. 62.13(5)(em), Wis. Stats., with respect to termination for cause.

11.  The contract also entitled Caira to a raise during the summer of 2024.

12.  The contract entitled Caira to be paid for his compensatory time.

13.  The contract entitled Caira to be paid the salary rate of the Chief if he served as the Acting Chief for more than 30 days.

14.  The contract entitled to Caira to be paid his accrued vacation, holiday and sick pay upon termination.

15.  In October 2023, Caira assumed the role of acting EMS chief while EMS chief Paul Blount was on medical leave. Caira held this position for more than 30

3

days.

16.    Blount filed a complaint alleging that the District and / or the Commission engaged in conduct that violated the FMLA.

17.    Caira took actions in support of Blount's FMLA claim. This included preventing Blount's private information from being disclosed and acting as a favorable witness for Blount's FMLA complaint.

18.    After taking those—and similar—actions, Caira faced retaliation in the workplace from his employer. This included Caira being threatened with termination, being subject to false accusations, having his ability to receive mail on behalf of his employer being rescinded, and having his employee-issued debit card canceled.

19.    In 2024, Caira filed a charge with the State of Wisconsin Equal Rights Division alleging that the retaliation he faced in the workplace was a violation of the FMLA. That is, he alleged that he was the victim of retaliation made unlawful by the FMLA.

20.    In January 2025, Caira filed an amended charge, citing other actions against him taken by the Commission and / or the District to be in violation of the FMLA because the Commission and / or the District retaliated against him for his earlier complaint, or the complaint raised by Blount.

21.    On January 22, 2025, the Commission and / or the District terminated Caira.

22.    Schroeder had the authority to provide Caira with the process to which he was entitled. Schroeder intentionally deprived Caira of that process.

4

23. Caira was never provided notice of the charges against him prior to the termination.

24. Caira was never provided with an opportunity to rebut the allegations made against him prior to his termination.

25. Caira was not provided the process identified in sec. sec. 62.13, Stats.

26. During the course of Caira's employment, he was entitled to a raise.

27. Caira was not provided with the raise guaranteed in his contract.

28. During the course of Caira's employment, he earned "comp time."

29. Caira was not paid comp time after his termination, as guaranteed by the contract.

30. Caira was not paid the salary rate of the Chief as guaranteed in the contract.

31. During the course of Caira's employment, he accrued vacation, holiday and sick pay.

32. Caira was not paid his accrued vacation, holiday and sick pay as guaranteed in the contract.

## FIRST CAUSE ACTION – INDIVIDUAL CAPACITY CLAIM AGAINST SCHROEDER – VIOLATION OF THE DUE PROCESS CLAUSE

33. The plaintiff realleges and incorporates the foregoing paragraphs as if set forth fully herein.

34. By engaging in the conduct described above, Schroeder violated Caira's rights as protected by the due process clause.

5

35.     That violation has caused Caira economic and emotional damages.

**FIRST CAUSE ACTION AGAINST THE COMMISSION AND THE DISTRICT – VIOLATION OF THE DUE PROCESS CLAUSE**

36.     The plaintiff realleges and incorporates the foregoing paragraphs as if set forth fully herein.

37.     By engaging in the conduct described above in this complaint, the Commission and the District violated Caira's due process rights.

38.     This deprivation of Caira's due process rights has caused Caira economic and emotional harm.

**SECOND CAUSE OF ACTION AGAINST THE COMMISSION AND THE DISTRICT – BREACH OF CONTRACT**

39.     The plaintiff realleges and incorporates the foregoing paragraphs as if set forth fully herein.

40.     By engaging in the conduct described above, the Commission and the District breached its contract with Caira.

41.     This breach of contract has caused Caira economic harm.

**THIRD CAUSE OF ACTION AGAINST THE COMMISSION AND THE DISTRICT – VIOLATION OF THE FMLA**

42.     The plaintiff realleges and incorporates the foregoing paragraphs as if set forth fully herein.

43.     As set forth above, Caira engaged in conduct protected by the FMLA.

44.     The Commission and the District terminated Caira because of his

6

protected conduct, thus violating the FMLA.

45.     This violation of the FMLA has caused Caira economic harm.

**WHEREFORE**, the plaintiff demands the following relief:

1.     Judgment against the defendants in an amount sufficient to compensate Caira for all economic losses.

2.     Judgment against the defendants in an amount sufficient to compensate Caira for his emotional harm.

3.     Equitable relief against the Commission and / or the District compelling specific performance with the contract, and the due process required under the contract.

4.     A judgment of punitive damages against Schroeder in an amount sufficient to deter future, similar conduct.

5.     An award of all attorney fees and costs incurred by Caira in litigating this action with respect to the due process and FMLA claims.

6.     Any and all other relief the Court deems just to award, including but not limited to equitable relief beyond that requested above.

<u>**JURY DEMAND**</u>

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 26th day of November, 2025.

        **GINGRAS THOMSEN & WACHS LLP**
        Attorneys for Caira

*/s/ Paul A. Kinne*
Paul A. Kinne
State Bar Number: 1021493
Peter Kelly-Smith
State Bar Number: 1128245

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: kinne@gtwlawyers.com
        pkellysmith@gtwlawyers.com